**Sort Date Entries: Descending Ascending**

**Display Options:** All Entries ⌄

**02/09/2026**

Motion Granted/Sustained

    **Associated Entries: 12/23/2025 -**

Motion Filed

    +

Order

Order granting Motion for Leave to Proceed Using Initials filed 23 December 2025.

**01/20/2026**

Corporation Served

Document ID - 25-SMCC-13876; Served To - LONE JACK C-6 SCHOOL DISTRICT; Server - MELKOWSKI, ANTHONY C. ; Served Date - 01/13/2026; Served Time - 12:42:00; Service Type - CV; Reason Description - SERV; Service Text -BY SERVING LIZ MUELLER - PERSON IN CHARGE

**12/29/2025**

Summons Issued-Circuit

Document ID: 25-SMCC-13876, for LONE JACK C-6 SCHOOL DISTRICT

Order Appt Next of Friend

Case Mgmt Conf Scheduled

    **Scheduled For:** 08/21/2026; 8:30 AM; JAMES FRANCIS KANATZAR; Jackson - Independence

Confid Filing Info Sheet Filed

Form 4.

    **Filed By:** GRANT CHRISTIAN BOYD

    **On Behalf Of:** Minor Plaintiff/Petitioner

Correspondence Sent

FORM 4

**12/23/2025**

CRIFS/Unredacted Document

    **Filed By:** GRANT CHRISTIAN BOYD

Filing Info Sheet eFiling

    **Filed By:** GRANT CHRISTIAN BOYD

Note to Clerk eFiling

    **Filed By:** GRANT CHRISTIAN BOYD

CRIFS/Unredacted Document

Confidential Redacted Information Filing Sheet in associated to Circuit Court filed on 12/23/2025; Application filed on 12/23/2025; Order (other) filed on 12/23/2025; Motion (other) filed on 12/23/2025; Order (other) filed on 12/23/2025.

    **Filed By:** GRANT CHRISTIAN BOYD

    **On Behalf Of:** Minor Plaintiff/Petitioner, Next Friend

    **Associated Entries: 12/23/2025 -**

Pet Filed in Circuit Ct

    +

    **Associated Entries: 12/23/2025 -**

Application Filed

    +

    **Associated Entries: 12/23/2025 - Proposed Order Filed   +**

    **Associated Entries: 12/23/2025 -**

Motion Filed

    +

    **Associated Entries: 12/23/2025 - Proposed Order Filed   +**

**EXHIBIT A**

**Proposed Order Filed**

Proposed Order to Proceed Using Initials.

    **Filed By:** GRANT CHRISTIAN BOYD

    **On Behalf Of:** Minor Plaintiff/Petitioner, Next Friend

    **Associated Entries: 12/23/2025 - CRIFS/Unredacted Document**  +

**Motion Filed**

Motion for Leave to Proceed Using Initials.

    **Filed By:** GRANT CHRISTIAN BOYD

    **On Behalf Of:** Minor Plaintiff/Petitioner, Next Friend

    **Associated Entries: 12/23/2025 - CRIFS/Unredacted Document**  +

    **Associated Entries: 02/09/2026 - Motion Granted/Sustained**

**Proposed Order Filed**

Proposed Order Appointing Next Friend.

    **Filed By:** GRANT CHRISTIAN BOYD

    **On Behalf Of:** Minor Plaintiff/Petitioner, Next Friend

    **Associated Entries: 12/23/2025 - CRIFS/Unredacted Document**  +

**Application Filed**

Application and Consent to Serve as Next Friend - Redacted; Confidential Redacted Information Filing Sheet with Unredacted Application and Consent to Serve as Next Friend.

    **Filed By:** GRANT CHRISTIAN BOYD

    **On Behalf Of:** Minor Plaintiff/Petitioner, Next Friend

    **Associated Entries: 12/23/2025 - CRIFS/Unredacted Document**  +

Pet Filed in Circuit Ct

Petition; Redacted Exhibit 1; Confidential Redacted Information Filing Sheet with Unredacted Exhibit 1.

    **Filed By:** GRANT CHRISTIAN BOYD

    **On Behalf Of:** Minor Plaintiff/Petitioner, Next Friend

    **Associated Entries: 12/23/2025 - CRIFS/Unredacted Document**  +

Electronically Filed - Jackson - Independence - December 23, 2025 - 10:54 AM

**IN THE CIRCUIT COURT OF JACKSON COUNTY**
**STATE OF MISSOURI**

| | |
|---|---|
| KM, a minor by and through<br>next friend, JM,<br><br>     Plaintiff,<br><br>v.<br><br>LONE JACK C-6 SCHOOL DISTRICT,<br><br>    *Sheriff Serve At:*<br>    *313 Bynum Road*<br>    *Lone Jack, MO 64070*<br><br>    Defendant. | Case No.<br><br>Div.<br><br>**JURY TRIAL DEMANDED** |

**PETITION**

Comes now Plaintiff K.M., by and through her Next Friend J.M. and her attorneys,

O'Brien Law Firm, P.C., and for her Petition, states:

1. Plaintiff K.M. ("Plaintiff") is a resident of Jackson County, Missouri.

2. Plaintiff is a minor female child and is currently under the age of 16.

3. Defendant Lone Jack C-6 School District ("Lone Jack") is a public school district
   located in Jackson County, Missouri.

4. The events giving rise to this action occurred on September 3, 2024, in Jackson
   County, Missouri.

5. Plaintiff was a student at Lone Jack C-6 Middle School.

6. K.M. has a medically diagnosed disability, scoliosis, which predates injuries that
   form the basis of this Petition.

7. K.M.'s disability limits her ability to engage in physical activities and has prevented full, enthusiastic participation in sports and athletics.

8. Lone Jack was aware of K.M.'s medical disability, physical limitations, and measures that could be taken to relieve risk of injury and discomfort because of communication from J.M about those topics in the weeks and months prior to K.M.'s injury

9. Sheldon McKinzie ("McKinzie") was the physical education teacher employed by Lone Jack leading K.M.'s class on the date in question.

10. At all relevant times, McKinzie was acting within the course and scope of his employment by Defendant Lone Jack in leading the physical education class on the date of the incident giving rise to this complaint.

11. As part of class on the date in question, McKinzie instructed K.M. to participate in athletic activities on an artificial turf field.

12. K.M. informed McKinzie that due to back pain and physical limitations caused by her scoliosis, she could not participate in physical activities on the artificial turf field that day. K.M. requested accommodation due to her scoliosis, being allowed to walk the track instead. Her request was rejected.

13. McKinzie and Lone Jack knowingly and intentionally refused to accommodate for K.M.'s disability and forced her to participate in physical activities that included sprinting and sharp turns on the turf field.

14. Once ordered to do so, and wanting to avoid getting into trouble or being disciplined for disobeying her teacher, K.M. complied with McKinzie's directive.

2

15.  K.M. fell, injuring herself severely while she was sprinting and turning on the turf field as ordered to by McKinzie.

16. McKinzie and Lone Jack were aware that K.M. was not wearing the proper footwear for physical activities on a turf field. Indeed, K.M. was wearing flat-soled casual shoes not meant for athletic activity and especially not on a turf field due to risk or slipping and sliding. K.M.'s footwear directly contributed to her sliding on the turf field and becoming injured.

17.  K.M.'s fall caused her to pull her hamstring, tear her Anterior Cruciate Ligament ("ACL") and Medial Cruciate Ligament ("MCL"), and suffer bone bruising.

18.  Defendant's agent McKinzie compelled K.M.  to participate in physical activities despite the hazardous nature of the field which created an unsafe environment for her.

19.  Defendant did not provide K.M. with appropriate footwear to safely engage in activities on the turf field. While rubber-soled shoes can be used on turf fields for physical activity, the shoes are to have studs to help grip and prevent slips and slides such as what happened to K.M.

20.  K.M.'s injuries have caused her significant pain, emotional distress, and disruption to her daily life and education.

21. As a result of K.M.'s injuries, she could no longer attend school in person, and signed up for virtual classes with Lone Jack. The school district failed to properly accommodate her by refusing to allow virtual learning. K.M. was then forced to withdraw from the school district entirely to seek a proper education elsewhere.

3

22. K.M.'s injuries also forced her to delay needed surgery to correct her scoliosis.

23. K.M. has a high risk of reinjury due to the nature of her injuries and her scoliosis.

24. Lone Jack failed to meet its obligation to provide K.M. with a safe and proper public education.

## COUNT I NEGLIGENCE

25. Plaintiff restates all previous allegations as if fully set forth herein.

26. Defendant had a legal duty to protect Plaintiff from injury because:

    a. K.M. was a student attending Lone Jack and was in class at the time of the injury;

    b. K.M. was participating in physical education class under the supervision of Lone Jack educators;

    c. Defendant Lone Jack and its educators knew of the scoliosis diagnosis and her inherent physical limitations due to disability;

    d. Defendant Lone Jack and its educators knew or should have known about the unsafe condition of the turf field, specifically the increased risk of slips, falls, ankle sprains, and ACL and/or MCL tears when students use the field without wearing proper footwear for physical activity on such a field;

    e. Defendant Lone Jack knew or should have known that the specific footwear worn by Plaintiff is not recommended for physical activity on turf fields because it creates a dangerous condition due to the slippery nature of the turf and the shoes' inability to achieve traction on it.

27. Defendant breached its duty to Plaintiff K.M. in that:

4

a. Defendant knowingly and intentionally compelled K.M. to participate in the physical education class activities despite its knowledge of her pain from her disability; and

b. Defendant knowingly and intentionally did not properly equip K.M. to safely participate in the activity on the turf field.

28. The refusal of Defendant and its educators to respect the physical limitations of Plaintiff's disability and to equip her properly for activities on the turf field caused her injuries.

29. K.M.'s physical disability and lack of proper equipment for the turf field created a reasonably foreseeable risk of harm of the type of injury which she suffered.

30. Lone Jack had actual notice of K.M.'s disability, scoliosis, and could have, but did not, take protective measures to prevent her activities on the hazardous turf field or render them safer.

31. Lone Jack had constructive notice of the inherent danger associated with turf fields, like the increased risk of slips, falls, ankle sprains, and ACL and/or MCL tears.

32. To the extent that any Defendant may be protected by sovereign immunity generally or in other circumstances, such immunity has been waived for purposes of this incident pursuant to RSMo. § 537.600.

33. Defendant's conduct was the proximate cause of K.M.'s fall.

34. As a direct and proximate result of K.M.'s fall, she sustained serious physical injuries.

5

35. As a direct and proximate result of Defendant's conduct, Plaintiff suffered

physical injury, pain and suffering, fright, shock, and extreme mental anguish and

remains under the care of physicians related to her injuries sustained in this

incident and due to complications with her diagnosed disability.

WHEREFORE, Plaintiff prays that this Court grant judgment in favor of Plaintiff

against Defendant for damages in an amount in excess of $25,000 that is fair and

reasonable, together with interest and costs, and for such other and further relief as this

Court shall deem proper.

## COUNT II – VIOLATION OF 42 U.S.C. § 1983

36. Plaintiff restates all previous allegations as if fully set forth herein.

37. Lone Jack was on prior actual notice that K.M. had a diagnosed disability, scoliosis.

38. Despite having actual notice, Lone Jack was deliberately indifferent to the rights of

Plaintiff, by refusing to make proper accommodations for her.

39. Lone Jack's failure to act and accommodate the needs of a disabled student violated

Plaintiff's rights under:

  a. The Equal Protection Clause of the 14th Amendment to the United States

     Constitution (right to be free from discrimination based on disability); and

  b. The Due Process Clause of the 14th Amendment to United States

     Constitution (right to bodily integrity and bodily liberty);

40. As a direct and proximate cause of Lone Jack's conduct, including Lone Jack's

refusal to accommodate Plaintiff's disability, she suffered the following damages:

  a. Physical pain and/or injury;

6

b. Emotional distress; and

c. Economic damages, including treatment costs.

41. As a direct and proximate cause of Lone Jack's conduct, including Lone Jack's refusal to accommodate a student with a disability, Plaintiff will suffer the following damages in the future:

a. Emotional distress;

b. Economic damages, including treatment costs, lost wages, loss of income, and/or loss of earning capacity.

42. Pursuant to 42 U.S.C. § 1988, Plaintiff is entitled to an award of attorneys' fees.

WHEREFORE, Plaintiff prays that this Court grant judgment in favor of Plaintiff against Defendant for damages in an amount in excess of $25,000 that is fair and reasonable, her attorneys' fees, together with interest and costs, and for such other and further relief as this Court shall deem proper.

## COUNT III – VIOLATION OF MISSOURI HUMAN RIGHTS ACT

43. Plaintiff restates all previous allegations as if fully set forth herein.

44. Prior to filing this suit, Plaintiff submitted a charge of discrimination to the Missouri Commission on Human Rights based upon this same set of facts. Plaintiff was granted a Right to Sue and has timely filed suit. A true and accurate copy of the Charge and Right to Sue are attached hereto as Exhibit #1 and fully incorporated here by reference.

45. Lone Jack's conduct consisted of discrimination based upon Plaintiff's physical disability which caused her significant physical limitations.

7

46. Lone Jack failed to make reasonable accommodations to account for Plaintiff's physical disability despite being on actual or constructive notice of it and being reminded of it just prior to the incident when Plaintiff requested accommodations.

47. Plaintiff's disability was a motivating factor in Lone Jack's conduct and its treatment of Plaintiff as described in this Petition.

48. Plaintiff's disability made her more susceptible to incidents such as described herein and Lone Jack knew or should have known that based upon its staff's (including nurses) awareness of her disability and the limitations associated therewith.

49. As a direct and proximate result of K.M.'s fall, she sustained serious physical injuries.

50. As a direct and proximate result of Defendant's conduct, Plaintiff suffered physical injury, pain and suffering fright, shock, and extreme mental anguish and remains under the care of physicians related to her injuries sustained in this incident and due to complications with her diagnosed disability.

51. Plaintiff is entitled to an award of her reasonable attorneys' fees associated with this matter.

WHEREFORE, Plaintiff prays that this Court grant judgment in favor of Plaintiff against Defendant for damages in an amount in excess of $25,000 that is fair and reasonable, her attorneys' fees, together with interest and costs, and for such other and further relief as this Court shall deem proper.

8

Respectfully submitted,

**O'BRIEN LAW FIRM, P.C.**

*/s/ Grant C. Boyd*
Grant C. Boyd - #67362
Joseph T. Wilson, #67917
135 W Adams Avenue, Suite 200
Kirkwood, MO 63122
(314) 588-0588 (phone)
(314) 588-0634 (fax)
boyd@obrienlawfirm.com
jwilson@obrienlawfirm.com

***Attorneys for Plaintiff***

9

**Exhibit 1**

**MISSOURI DEPARTMENT OF LABOR AND INDUSTRIAL RELATIONS**
# MISSOURI COMMISSION ON HUMAN RIGHTS

| **MIKE KEHOE** | **ANNA S. HUI** | **AL LI** | **ALISA WARREN, PH.D.** |
|---|---|---|---|
| GOVERNOR | DEPARTMENT DIRECTOR | COMMISSION CHAIR | EXECUTIVE DIRECTOR |

October 2, 2025

REDACTED

c/o The O'Brien Law Firm
815 Geyer Avenue
St. Louis, MO 63104
Via email: chapie@obrienlawfirm.com

**NOTICE OF RIGHT TO SUE**

RE: REDACTED obo minor child KM v. Lone Jack C-6 School District P-03/25-05670

The Missouri Commission on Human Rights (MCHR) is terminating its proceedings and issuing this notice of your right to sue under the Missouri Human Rights Act because you have requested a notice of your right to sue.

This letter indicates your right to bring a civil action within 90 days of the date of this notice against the respondent(s) named in the complaint. Such an action may be brought in any circuit court in any county in which the unlawful discriminatory practice is alleged to have occurred, but it must be brought no later than two years after the alleged cause occurred or its reasonable discovery. Upon issuance of this notice, the MCHR is terminating all proceedings relating to the complaint. No person may file or reinstate a complaint with the MCHR after the issuance of a notice of right to sue relating to the same practice or act. You are hereby notified of your right to sue the Respondent(s) named in your compliant in state circuit court. **THIS MUST BE DONE WITHIN 90 DAYS OF THE DATE OF THIS NOTICE OR YOUR RIGHT TO SUE IS LOST.**

You are also notified that the Executive Director is hereby administratively closing this case and terminating all MCHR proceedings relating to it. This notice of right to sue has no effect on the suit-filing period of any federal claims. This notice of right to sue is being issued as required by Section 213.111.1, RSMo, because it has been over 180 days after the filing of the complaint and MCHR has not completed its administrative processing.

Respectfully,

Alisa Warren, Ph.D.
Executive Director

CC: Additional Contacts Listed on Next Page

*The Missouri Commission on Human Rights is an equal opportunity employer/program.*
*Auxiliary aides and services are available upon request to individuals with disabilities.*

TDD/TTY: 1-800-735-2966    Relay Missouri: 711    www.labor.mo.gov/discrimination    Email: mchr@labor.mo.gov

Case 4:26-cv-00112-JAM    Document 1-1    Filed 02/11/26    Page 12 of 31

**Exhibit 1**

RE: [REDACTED] obo minor child KM v. Lone Jack C-6 School District P-03/25-05670

Lone Jack C6 Cons School District
Kathy Butler, Superintendent
313 Bynum Road
Lone Jack, MO 64070
Via email: kbutler@lonejackc6.net

Natalie A Hoernschemeyer
Attorney, Mickes O'Toole LLC
12412 Powerscourt Drive, Suite 200
Saint Louis, MO 63131
Via email: natalie@mickesotoole.com

Jodi Chapie
Investigator, O'Brien Law Firm
815 Geyer Avenue
Saint Louis, MO 63104
Via email: chapie@obrienlawfirm.com

Electronically Filed - Jackson - Independence - December 23, 2025 - 10:54 AM

**Exhibit 1**

Electronically Filed - Jackson - Independence - December 23, 2025 - 10:54 AM

EEOC Form 5 (11/09)

| # CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA  ☒ EEOC | |

| **Missouri Commission On Human Rights** | | and EEOC |
|---|---|---|
| *State or local Agency, if any* | | |

| Name (indicate) REDACTED **obo minor child KM** | REDACTED Home Phone (Incl. Area Code) REDACTED | REDACTED |
|---|---|---|

| Street Address | City, State and ZIP Code |
|---|---|
| c/o The O'Brien Law Firm 815 Geyer Avenue | St. Louis, MO 63104 |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| Lone Jack C-6 School District | 50+ | 816-697-3539 |

| Street Address 313 Bynum Road | City, State and ZIP Code Lone Jack, MO 64070 |
|---|---|

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| Sheldon McKinzie (Employee of Lone Jack C-6) | 1 | 816-697-3539 |

| Street Address 313 Bynum Road | City, State and ZIP Code Lone Jack, MO 64070 |
|---|---|

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☐ RETALIATION ☐ AGE ☒ DISABILITY ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest ___ Latest
09/03/2024

☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

See attached Exhibit A.

---

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

_Signature_ 3/08/2025 Date

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)

**Exhibit 1**

EXHIBIT A

REDACTED brings this Charge of Discrimination on behalf of REDACTED KM. KM shall be referred to hereafter as "Complainant". At the time of these incidents, Complainant was 12 years old and a student in the Lone Jack C-6 School District.

Respondents (2):

    (1)  Lone Jack C-6 School District
        313 Bynum Road
        Lone Jack, MO 64070
        816-697-3539

    (2)  Sheldon McKinzie
        313 Bynum Road
        Lone Jack, MO 64070
        816-697-3539

Lone Jack C-6 School District is a public school district in Lone Jack, Missouri that operates numerous public schools and public accommodations. Sheldon McKinzie is an employee of the Lone Jack C-6 School District and in this situation was a physical education class teacher that had a direct hand in the incidents occurring in September 2024.

Complainant is a student at Lone Jack High School. Complainant was discriminated against on the basis of her disabilities, as detailed in this Charge. Respondents were aware of Complainant's disabilities. Specifically, Respondents were aware that Complainant had numerous disabilities, including kyphosis and scoliosis, that caused her significant limitations in her ability to engage in certain activities.

During the 2024-2025 academic year, Complainant was attending one of the Respondent's schools. In the summer of 2024, a turf field was installed at the Respondent's campus with the groundbreaking slated for September 17th, 2024. Complainant went to the assigned Physical Education class wherein Sheldon McKinzie instructed the students to go onto the turf field for a class activity that involved running. Complainant also advised McKinzie her back was bothering her (due to her disabilities) and she did not wish to participate in the activity. Additionally, Complainant was not provided with the proper footwear required for the activity. Respondent and McKinzie forced her to engage in the physical activity on the turf field. Respondent and McKinzie failed to provide accommodations for the Complainant's medical conditions / disabilities, despite being aware of such conditions/disabilities, and insisted on her participation in an activity despite the fact it posed a clear risk to her health due to her conditions/disabilities and the circumstances surrounding the activity with the turf field and no proper footwear. The lack of proper footwear and the hazardous nature of the turf created an unsafe environment for all students, which directly contributed to Complainant's injuries. As a result, Complainant was forced to take part in the activity and, while doing so, was physically injured, including a significant knee injury and other injuries (including to her back), which have required medical treatment.

This injury has caused significant physical pain, emotional distress, and a disruption to the Complainant's daily life and education.

**Exhibit 1**
EXHIBIT A

Electronically Filed - Jackson - Independence - December 23, 2025 - 10:54 AM

Respondents discriminated against Complainant based upon her disabilities.

As a result of these matters, Complainant was forced to adversely modify her access to the public accommodations, including withdrawing from Lone Jack C-6 School District. Specifically, Complainant was signed up for a virtual / home-schooling-esque option due to situation and her disabilities. Respondent Lone Jack C-6 School District largely ignored its requirements and obligations to continue to provide Complainant a proper public education and failed to uphold requirements under the law to provide certain education to Complainant. As such, Complainant has been forced to withdraw from Lone Jack C-6 School District so she can seek a proper education elsewhere because Lone Jack C-6 refused to do so since September 2024 to present.

As a result of these matters, Complainant has suffered physical injuries, emotional distress, pain and suffering, and been denied the benefits of public accommodations.

Electronically Filed - Jackson - Independence - December 23, 2025 - 10:54 AM

## IN THE CIRCUIT COURT OF JACKSON COUNTY
## STATE OF MISSOURI

KM, a minor by and through
next friend, JM,

      Plaintiff,

v.                                  Case No.

LONE JACK C6 SCHOOL DISTRICT,

      Defendant.

## APPLICATION AND CONSENT TO SERVE AS NEXT FRIEND

COMES NOW JM and hereby requests this Court to appoint her as Next Friend of

Minor Plaintiff KM in the above styled cause, and in support thereof states:

1. KM is a minor child under the age of 18, but over the age of 13.

2. JM is the natural mother of KM.

3. KM resides with JM.

4. KM does not have any other appointed legal guardian or next friend.

5. JM consents to serve as Next Friend of Minor Plaintiff for the sole and

    exclusive benefit of Minor Plaintiff.

WHEREFORE, JM hereby prays this Court appoint her as Next Friend of

Minor Plaintiff, KM.

DATE: 12/16/2025



KM

1

Electronically Filed - Jackson - Independence - December 23, 2025 - 10:54 AM

**IN THE CIRCUIT COURT OF JACKSON COUNTY**
**STATE OF MISSOURI**

KM, a minor by and through
next friend, JM,

      Plaintiff,

v.                                                          Case No.

LONE JACK C6 SCHOOL DISTRICT,

      Defendant.

**MOTION FOR LEAVE TO PROCEED USING INITIALS**

    Comes Now Plaintiff, by and through counsel, and hereby moves this Honorable Court for permission to proceed using initials for Minor Plaintiff KM and Next Friend JM, and in support thereof states:

1. This action relates to matters in which Plaintiff KM is a minor.

2. Pursuant to Section 509.520 of the Revised Statutes of Missouri and Missouri Supreme Court Rule 55.025, Plaintiff KM, a minor, and JM, Next Friend, are entitled to have their identities protected in that Missouri law expressly prohibits the inclusion of a minor's name and other personal identifying information, as well as the identifying information of a minor's next friend, in publicly assessable court filings, and instead requires such information to be submitted to the Court through confidential filing procedures.

3. In order to protect the identity of the Plaintiff KM, it is proper to allow the Next Friend to proceed using the initials JM, as disclosing the Next Friend's identity would lead to the disclosure of the Plaintiff KM's identity.

1

4.  No party will suffer prejudice by allowing Plaintiff KM and Next Friend JM to use their initials.

5.  Plaintiff should be permitted to proceed under initials KM and the Next Friend to proceed under initials JM, throughout this litigation, including any and all filings.

Wherefore, Plaintiff's pray this Honorable Court enters an order allowing Plaintiff and Next Friend to proceed under initials and for any further relief this Court deems just and proper.

Respectfully Submitted,

**THE O'BRIEN LAW FIRM, PC**


BY: /S/ Grant C. Boyd
Grant C. Boyd #67362
The O'Brien Law Firm
815 Geyer Ave
St. Louis, MO  63104
(314) 588-0558
(314) 588-0634 FAX
boyd@obrienlawfirm.com
***Attorneys for Plaintiffs***

2



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division:<br>JAMES FRANCIS KANATZAR | Case Number: 2516-CV41992 |
|---|---|
| Plaintiff/Petitioner:<br>K M<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>GRANT CHRISTIAN BOYD<br>135 W ADAMS AVENUE, SUITE 200<br>KIRKWOOD, MO 63122 |
| Defendant/Respondent:<br> LONE JACK C-6 SCHOOL DISTRICT | Court Address:<br>308 W KANSAS AVE<br>INDEPENDENCE, MO 64050 |
| Nature of Suit:<br>CC Pers Injury-Other | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: **LONE JACK C-6 SCHOOL DISTRICT**
**Alias:**

**313 BYNUM ROAD**
**LONE JACK, MO 64070**

*COURT SEAL OF*



*JACKSON COUNTY*

**You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

29-DEC-2025
_____     _____
Date                                             Clerk

Further Information:

## Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above Summons by: (check one)
☐ delivering a copy of the summons and petition to the defendant/respondent.
☐ leaving a copy of the summons and petition at the dwelling place or usual abode of the defendant/respondent with
_____ a person at least 18 years of age residing therein.
☐ (for service on a corporation) delivering a copy of the summons and petition to
_____ (name) _____ (title).
☐ other _____.
Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server                    Signature of Sheriff or Server

*(Seal)*          **Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

My commission expires: _____          _____
                                        Date                                      Notary Public

| **Sheriff's Fees** | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $    10.00 | |
| Mileage | $_____ ( _____ miles @ $._____ per mile) | |
| **Total** | $_____ | |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

# SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org → Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.


Circuit Court of Jackson County

Electronically Filed - Jackson - Independence - December 23, 2025 - 10:54 AM

**IN THE CIRCUIT COURT OF JACKSON COUNTY**
**STATE OF MISSOURI**

KM, a minor by and through
next friend, JM,

      Plaintiff,

v.                                              Case No.

LONE JACK C6 SCHOOL DISTRICT,

      Defendant.

**<u>ORDER APPOINTING NEXT FRIEND</u>**

      On Application for Appointment of Next Friend and Consent to Serve as Next Friend of Minor Plaintiff **KM**, and the Court being fully advised in the premises, it is hereby ORDERED, ADJUDGED AND DECREED that **JM** be appointed Next Friend of **KM** for purposes of pursuing their action for damages.

<u>12/29/2025</u>     *Janet Villar*
              DEPUTY CLERK

1

# IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT INDEPENDENCE

K M,

PLAINTIFF(S),

CASE NO. 2516-CV41992

VS.

DIVISION 5

LONE JACK C-6 SCHOOL DISTRICT,

DEFENDANT(S).

## NOTICE OF CASE MANAGEMENT CONFERENCE FOR CIVIL CASE
## AND ORDER FOR MEDIATION

---

NOTICE IS HEREBY GIVEN that a Case Management Conference will be held with the Honorable **JAMES FRANCIS KANATZAR** on **21-AUG-2026** in **DIVISION 5** at **08:30 AM**. All Applications for Continuance of a Case Management Conference should be filed on or before Wednesday of the week prior to the case management setting. Applications for Continuance of a Case Management Conference shall comply with Supreme Court Rule and 16th Cir. R. 34.1. Continuance of a Case Management Conference will only be granted for good cause shown because it is the desire of the Court to meet with counsel and parties in all cases within the first 4 months that a case has been on file. All counsel and parties are directed to check Case.NET on the 16th Judicial Circuit web site at www.16thcircuit.org after filing an application for continuance to determine whether or not it has been granted.

A lead attorney of record must be designated for each party as required by Local Rule 3.5.1. A separate pleading designating the lead attorney of record shall be filed by each party as described in Local Rule 3.5.2. The parties are advised that if they do not file a separate pleading designating lead counsel, even in situations where there is only one attorney representing the party, JIS will not be updated by civil records department, and copies of orders will be sent to the address currently shown in JIS. Civil Records does not update attorney information from answers or other pleadings. The Designation of Lead Attorney pleading shall contain the name of lead counsel, firm name, mailing address, phone number, FAX number and E-mail address of the attorney who is lead counsel.

At the Case Management Conference, counsel should be prepared to address at least the following:

a.   A trial setting;

b.   Expert Witness Disclosure Cutoff Date;

c.   A schedule for the orderly preparation of the case for trial;

d.   Any issues which require input or action by the Court;

e.   The status of settlement negotiations.

## MEDIATION

The parties are ordered to participate in mediation pursuant to Supreme Court Rule 17. Mediation shall be completed within 10 months after the date the case if filed for complex cases, and 6 months after the date the case is filed for other circuit cases, unless otherwise ordered by the Court. Each party shall personally appear at the mediation and participate in the process. In the event a party does not have the authority to enter into a settlement, then a representative of the entity that does have actual authority to enter into a settlement on behalf of the party shall also personally attend the mediations with the party.

The parties shall confer and select a mutually agreeable person to act as mediator in this case. If the parties are unable to agree on a mediator the court will appoint a mediator at the Case Management Conference.

Each party shall pay their respective pro-rata cost of the mediation directly to the mediator.

## POLICIES/PROCEDURES

Please refer to the Court's web page www.16thcircuit.org for division policies and procedural information listed by each judge.

/S/ **JAMES FRANCIS KANATZAR**
JAMES FRANCIS KANATZAR, **Circuit Judge**

Certificate of Service

This is to certify that a copy of the foregoing was electronic noticed, faxed, emailed and/or mailed or hand delivered to the plaintiff with the delivery of the file-stamped copy of the petition. It is further certified that a copy of the foregoing will be served with the summons on each defendant named in this action.

Attorney for Plaintiff(s):
GRANT CHRISTIAN BOYD, 135 W ADAMS AVENUE, SUITE 200, KIRKWOOD, MO 63122

Defendant(s):
 LONE JACK C-6 SCHOOL DISTRICT

 Dated:  29-DEC-2025                              BEVERLY A. NEWMAN
                                                  Court Administrator

# IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
☐ AT KANSAS CITY  ☒ AT INDEPENDENCE

**RE:** **KM V. LONE JACK C-6 SCHOOL DISTRICT**
**CASE NO:** **2516-CV41992**


**TO:** **GRANT CHRISTIAN BOYD**
**135 W ADAMS AVENUE, SUITE 200**
**KIRKWOOD, MO  63122**

We have received pleadings, which you submitted for filing in the case and they have been file-stamped on 12-23-2025. However, your pleading cannot be processed further until the following action is taken:

**RULE 3.2 - STYLE**
☐ Additional service instructions are needed.
☐ Incorrect case number/filed in wrong county.
☐ Document is unreadable.

**RULE 4.2 (2)**
☐ Need Circuit Court Form 4

**RULE 5.6 – COLLECTIONS OF DEPOSIT**
☐ No fee, or incorrect fee, received; fee required is $_____.
☐ Insufficient Filing Fee; Please Remit $_____
☐ No signature on check/form 1695.
☐ No request to proceed in forma pauperis.
☐ No personal checks accepted.

**RULE 68.1**
☐ Need Circuit Court Form 17

**RULE 68.7 – VITAL STATISTICS REPORT**
☐ Need Certificate of dissolution of marriage form.

**RULE 74.14 SUPREME CT – FOREIGN JUDGMENT**
☐ Authentication of foreign judgment required.
☐ Affidavit pursuant to Supreme Court Rule 74.14

**RULE 54.12 SERVICE IN REM OR QUASI IN REM ACTIONS**
☐ Affidavit for Service by Publication required pursuant to Supreme Court Rule 54.12c.
☐ Order for Service by Publication required pursuant to Supreme Court Rule 54.12c.
☐ Notice for Service by Publication required pursuant to Supreme Court Rule 54.12c.
☐ Affidavit for Service by Certified/Registered Mail pursuant to Supreme Court Rule 54.12b.

☒ **OTHER:** **We need Form 4 (per Rule 4.2) before we can continue processing this case. The Form 4 is on our www.16thcircuit.org website– forms & fees- civil forms- miscellaneous forms- Form 4. If not received within 30 days this case will be dismissed. Thank you! 816-881-1710.**
☐ Please take the actions necessary to comply with the Circuit Court Rules and your request will be processed.
☐ The private process server listed is not on our approved list.
☐ Execution in effect. Return date _____. Request may be resubmitted within one week prior to return date.
☐ Supreme Court Rule 90.13 requires interrogatories be served with summons of garnishment.

**If the filing was a new case, please be advised that unless the additional information marked is received within 30 days of the date of this notice this case will be dismissed pursuant to Rule 37.4 for failure to prosecute without prejudice, at the Plaintiff's cost.  Collection efforts will be pursued for these costs.**

**Please refer to the Court's website at www.16thcircuit.org for Court Rules or Forms.**

Copies electronic noticed, faxed, emailed and/or mailed DECEMBER 29, 2025 to:

COURT ADMINISTRATOR'S OFFICE
**DEPARTMENT OF CIVIL RECORDS**
CIRCUIT COURT OF JACKSON COUNTY, MISSOURI

By  *Janet Villar*

_____
DECEMBER 29, 2025
Date

Deputy Clerk
☐ 415 East 12th St., Kansas City, Missouri 64106
☒ 308 W. Kansas, Independence, Missouri 64050



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

RECEIVED CIVIL PROCESS
26 JAN -7 PM 12:32

| | |
|---|---|
| Judge or Division:<br>JAMES FRANCIS KANATZAR | Case Number: 2516-CV41992 |
| Plaintiff/Petitioner:<br>K M<br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>GRANT CHRISTIAN BOYD<br>135 W ADAMS AVENUE, SUITE 200<br>KIRKWOOD, MO 63122 |
| Defendant/Respondent:<br>LONE JACK C-6 SCHOOL DISTRICT | Court Address:<br>308 W KANSAS AVE<br>INDEPENDENCE, MO 64050 |
| Nature of Suit:<br>CC Pers Injury-Other | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: LONE JACK C-6 SCHOOL DISTRICT
                   Alias:

313 BYNUM ROAD
LONE JACK, MO 64070

*Acting*

**COURT SEAL OF**

     You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

**JACKSON COUNTY**

29-DEC-2025
Date

              Clerk

Further Information:

## Sheriff's or Server's Return

## CORPORATION - PERSON IN CHARGE

I certify that I have served the within summons in Jackson County, Missouri, upon the within-named defendant corporation, _Lone Jack C-6 School District_, by leaving a copy of the summons and a copy of the petition at the business office of said defendant corporation with _Liz Mueller / in charge_, who said he/she was the person in charge thereof.

Place of service: _313 Bynum Rd Lone Jack mo_

Date of service: _1/13/26_

Time of service: _1242 hr_

**DEPARTMENT OF CIVIL PROCESS**
COURT ADMINISTRATOR'S OFFICE
CIRCUIT COURT OF JACKSON COUNTY, MISSOURI

BY _Carly Mahugh_

DEPUTY

**CIRCT 3033- 12/13**

| | | |
|---|---|---|
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $ | 10.00 |
| Mileage | $ | ( _____ miles @ $. _____ per mile) |
| **Total** | $ | |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (11/2021) SM30 (JAKSMCC) *For Court Use Only:* **Document Id # 25-SMCC-13876** 1 of 1     Civil Procedure Form No. 1, Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 4:26-cv-00112-JAM    Document 1-1    Filed 02/11/26    Page 26 of 31

# SERVICE RETURN

| DOCUMENT ID:<br>25-SMCC-13876 | COURT DATE:<br>21-AUG-2026, 08:30 AM |
|---|---|
| CASE NUMBER<br>2516-CV41992 | FOREIGN CASE NUMBER: |

**Personal Service** ☐ **Immediately** ☐

☐ ASSOCIATE
☒ CIRCUIT
☐ FOREIGN
☐ FAMILY CT

DEFENDANT'S NAME AND ADDRESS:
LONE JACK C-6 SCHOOL DISTRICT
313 BYNUM ROAD
LONE JACK, MO 64070

Place of Employment:

On Who/Method of Service: _Liz Mueller / in charge_

Date of Service: _1/13/26_    Time: _1242 hr_    M. Deputy: MELKOWSKI, ANTHONY

Comments/NE Reason:

_TMW_                                                        Serve By: **28-JAN-2026**

Documents to be Served:  CIVIL SUMMONS/NOTICE OF CASE MANAGEMENT CONFERENCE FOR CIVIL CASE AND ORDER FOR MEDIATION/PETITION

SRET (12/2020)

Electronically Filed - Jackson - Independence - December 23, 2025 - 10:54 AM

FILED
DIVISION 5
09-Feb-2026   09:01
CIRCUIT COURT OF JACKSON COUNTY, MO
BY

# IN THE CIRCUIT COURT OF JACKSON COUNTY
## STATE OF MISSOURI

KM, a minor by and through
next friend, JM,

    Plaintiff,

v.                    Case No.

LONE JACK C6 SCHOOL DISTRICT,

    Defendant.

## ORDER

    In that Plaintiff is a minor, the Court hereby permits Plaintiff to proceed under initials KM and the Next Friend to proceed under initials JM, throughout this litigation. All parties are directed to refer to them as such in any filings.

    SO ORDERED:

_____
Honorable Judge of the Circuit Court
Division:

_____
09-Feb-2026
Date

1

# IN THE CIRCUIT COURT OF JACKSON COUNTY, INDEPENDENCE
## STATE OF MISSOURI

| | | |
|---|---|---|
| **K.M. a minor by and through** | **)** | |
| **next friend, J.M.** | **)** | |
| | **)** | **Case No.  2516-cv41992** |
| **Plaintiff,** | **)** | |
| | **)** | |
| **v.** | **)** | |
| | **)** | |
| **LONE JACK C-6 SCHOOL DISTRICT,** | **)** | |
| | **)** | |
| **Defendant.** | **)** | |

## ENTRY OF APPEARANCE

**COMES NOW** Natalie Hoernschemeyer of the law firm of Mickes O'Toole, LLC, and hereby enters her appearance on behalf of Defendant Lone Jack C-6 School District in the above-referenced matter.

Respectfully submitted,

**MICKES O'TOOLE, LLC**

By: Natalie A. Hoernschemeyer
     Natalie A. Hoernschemeyer, #49692
     12412 Powerscourt Drive, Suite 200
     St. Louis, Missouri 63131
     Telephone: (314) 878-5600
     Facsimile: (314) 878-5607
     natalie@mickesotoole.com

     *ATTORNEY FOR DEFENDANT*
     *LONE JACK C-6 SCHOOL DISTRICT*

## CERTIFICATE OF SERVICE

        The undersigned hereby certifies that on this 11th day of February, 2026, a true and correct copy of the foregoing was filed with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all counsel of record:

        Grant C. Boyd
        Joseph T. Wilson
        O'Brien Law Firm, P.C.
        135 W Adams Avenue, Suite 200
        Kirkwood, MO 63122
        boyd@obrienlawfirm.com
        jwilson@obrienlawfirm.com
        *Attorneys for Plaintiff*

        Natalie A. Hoernschemeyer



Case.net | Courts Home | My Account | eFiling Info          **log out hoern_49692 - 49692** --Select Destination-- |

## File on Existing Case Confirmation

Thank you for your submission on **2/11/26 at 11:42 AM**. Below is important information regarding this submission. You will receive e-mails from the eFiling System regarding the status of your submission. This page is printer friendly.

If you need to contact the clerk about this submission or if you need to submit another filing and you do not have the case number, please use the following.

**eFiling Confirmation Number:** EF42137762

The following information and documents were submitted with this filing.

**Filer Reference Number:** MUSICLONE JACKMEYER

**No filing fee or payment information on this filing.**

### Case

**Court Case Number:** 2516-CV41992

**Court Case Description:** KM V. LONE JACK C-6 SCHOOL DISTRICT

Personal Injury-Other filed in Jackson County - Independence - Civil

**Notes to Clerk:** None entered by filer

### Document

**Filing - Other/Miscellaneous - Entry of Appearance**

Entry of Appearance for Defendant Lone Jack C-6 School District

**Attachments**

Electronic Filing Certificate of Service

**Filed on behalf of:** LONE JACK C-6 SCHOOL DISTRICT

### eService

| Party | Service E-mail Address |
|---|---|
| GRANT CHRISTIAN BOYD, Attorney for Petitioner | boyd@obrienlawfirm.com |

```
EFILING
MENU
```

eFiling Version 1.6.17                                                    Released 11/12/2025